IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Charles N. BESSER, Attorney at Law.

Supreme Court

*No. 86–0129–D. Filed February 7, 1986.*
(Also reported in 380 N.W.2d 676.)

## *ORDER*

On January 21, 1986, the Board of Attorneys Professional Responsibility (Board) filed a report recommending that the court grant the petition of Charles N. Besser for the revocation of his license to practice law in Wisconsin by consent, pursuant to SCR 21.10(1). The petition, dated January 8, 1986, was filed while the Board was investigating allegations that Attorney Besser had engaged in unprofessional conduct.

On October 31, 1985, Attorney Besser was convicted in U.S. District Court for the Northern District of Illinois on a plea of guilty to two counts of mail fraud. That conviction was based on Attorney Besser's participation in a scheme to retain overcharges for annuities purchased on behalf of an insurance company client for structured settlements of liability claims. The court suspended sentence, placed Attorney Besser on probation for four years, fined him $2,000, and ordered him to make restitution in the amount of $62,000 and perform 450 hours of community service. On December 4, 1985, the Supreme Court of Illinois granted Attorney Besser's motion to strike his name from the roll of attorneys licensed to practice law in Illinois. That motion was filed while the Illinois disciplinary authorities were investigating Attorney Besser's conduct which was the subject of the federal criminal charges.

In his petition, Attorney Besser stated that he cannot successfully defend against the allegations of unprofessional conduct and acknowledged that the allegations constitute violations of SCR 20.04(3) and 21.05(1). Attorney Besser also stated that he has discontinued the practice of law in Wisconsin and has had no clients in this state since September, 1985.

With respect to the issue of restitution to those who suffered financial loss as a result of Attorney Besser's unprofessional conduct, while the court is not bound by the determinations made by the federal court, those determinations are accepted for the purposes of this disciplinary proceeding.

IT IS ORDERED that the license of Charles N. Besser to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law in Wisconsin, Charles N. Besser make restitution in the amount of

$62,000 to those persons and entities that incurred financial loss as a result of his unprofessional conduct.

IT IS FURTHER ORDERED that Attorney Charles N. Besser comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been revoked.